**[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 1201.]**

FLOYD *v*. ALEXANDER, WARDEN.

**[Cite as *Floyd v. Alexander*, 1997-Ohio-246.]**

*Petition for writ of habeas corpus dismissed sua sponte.*

(No. 96-2695—Submitted January 7, 1997—Decided March 19, 1997.)

IN HABEAS CORPUS.

————————————

*A.I. Floyd, pro se.*

————————————

{¶ 1} The cause is dismissed *sua sponte.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

LUNDBERG STRATTON, JJ., concurs separately.

————————————

**STRATTON, J.,  concurring.**

{¶ 2} I respectfully concur in the dismissal of this petition for a writ of habeas corpus.  However, I am reluctant because the allegations, if true, constitute a colorable claim for relief.  The petition alleges that in an entry filed on July 29, 1987, petitioner was sentenced for burglary to five to fifteen years,  to be served concurrently with the sentence he was then serving.  In an amended entry filed on September 2, 1987, petitioner was sentenced for the same burglary to four to fifteen years, to be served consecutively with the sentence he was then serving.  Petitioner claims that he did not appear and was not represented in any resentencing proceedings.

{¶ 3} Petitioner filed this action for writ of habeas corpus in December 1996, claiming that the trial court lacked jurisdiction to amend his sentence as it did.  The petitioner has not chosen the proper forum in which to raise this claim, as habeas corpus is not available to attack sentencing errors.  Rather, the proper avenue is postconviction relief in the trial court.

————————————