THE STATE EX REL. HUNTER, APPELLANT, *v.* CUYAHOGA
COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Cite as *State ex rel. Hunter v. Cuyahoga Cty. Court
of Common Pleas* (2000), 88 Ohio St.3d 176.]

(No. 99–1590—Submitted January 11, 2000—Decided March 8, 2000.)

*Patrick Hunter*, pro se.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** Hunter asserts that the court of appeals erred in denying the requested extraordinary relief in mandamus. For the following reasons, Hunter's assertion lacks merit.

Initially, to the extent that Hunter requested a writ of mandamus to compel the common pleas court to rule on his motion to correct the record, Hunter now concedes that the common pleas court has ruled on his motion. A writ of mandamus will not issue to compel an act that has already been performed. *State ex rel. Sharif v. Cuyahoga Cty. Court of Common Pleas* (1999), 85 Ohio St.3d 375, 376, 708 N.E.2d 718, 719.

Moreover, Hunter had adequate remedies by App.R. 9(E) and appeal to correct any material omissions from his record. *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 564, 664 N.E.2d 930, 931; *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 508–509, 628 N.E.2d 1376, 1377. Even if, as Hunter claims, his trial court did not rule on his motion until after the court of appeals had resolved his appeal, he could have raised his claim in a motion in the court of appeals before his appeal had been decided. *State ex rel. Jones v. Montgomery Cty. Court of Common Pleas* (1996), 75 Ohio St.3d 642, 643, 665 N.E.2d 673, 674; App.R. 9(E) (*"If anything material to either party is omitted from the record* by error or accident or is misstated therein, * * * *the court of appeals,* on proper suggestion or of its own initiative, *may direct that the omission* or misstatement *be corrected,* and if necessary that a supplemental record be certified and transmitted."). (Emphasis added.)

Finally, Hunter failed to comply with R.C. 2969.25(A) and (C) in commencing his mandamus action, and like appellants in similar cases, Hunter never claimed that these provisions are inapplicable to mandamus actions. *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153, 154–155, 707 N.E.2d 496, 497–498; *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 594–595. The certified statement of the prison cashier required by R.C.

2969.25(C) concerning Hunter's inmate account would have allowed Hunter to support his bare, conclusory assertion that he was indigent.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.