[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
Lorenzo Harrison requests that this court compel Judge Burt Griffin to: (1) hold an evidentiary hearing on his petition for post-conviction relief; (2) reject the prosecutor's motion to dismiss the petition as untimely filed; (3) render a ruling on the petition; and (4) issue findings of fact and conclusions of law with respect to the petition filed on July 7, 2000 in State v. Harrison, Cuyahoga County Court of Common Pleas Case No. CR-382422.
Judge Griffin moved for summary judgment appending a copy of the findings of fact and conclusions of law issued him and received for filing by the clerk on February 28, 2001. The judge contends that this action in mandamus is moot and we agree.[1]
Harrison opposed summary judgment on the basis that the judge erred in various ways by denying his petition for post-conviction relief. These arguments are not appropriate for an action in mandamus.
 [A]lthough mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal or a means to review errors or irregularities, if any, in the trial court. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Errors, if any, regarding sentencing or denial of motions are reviewable on appeal.[2]
The judge discharged his duty by denying Harrison's petition for post-conviction relief. "Relief does not lie in mandamus to compel respondent to rule in the manner relator considers favorable."[3]
Harrison also complains that the judge has not ruled on his motion for transcripts filed on November 9, 2000, yet, he filed an appeal from the denial of his petition for post-conviction relief known as State v.Harrison, Case No. 79434, which remains pending. Likewise, his direct appeal from his conviction remains pending. State v. Harrison, Case No. 77929. A transcript was filed in Case No. 77929. "Only one copy of a transcript of a criminal trial need provided to an indigent criminal defendant.[4] Furthermore, Harrison's motion for transcripts is presumed denied because the judge disposed of the petition for post-conviction relief.[5]
Harrison has not established a basis for relief in mandamus to compel the judge to rule on the motion for transcripts.
Additionally, he
 did not file an R.C. 2969.25 (A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25 (C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.[6]
As a consequence, we deny his claim of indigency.[7]
Accordingly, we grant the motion for summary judgment. Harrison to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 _______________________ ANNE L. KILBANE, JUDGE:
TIMOTHY F. McMONAGLE. P.J. and JAMES J SWEENEY. J., CONCUR.
[1] See, e.g., State ex rel. Lawson v. McMonagle (Aug. 3, 2000), Cuyahoga App. No. 77975, unreported.
[2] State ex rel. Lesko v. Court off Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165, unreported at 4-5. See, also, R.C.2731.03.
[3] State ex rel. Borden v. Villanueva (May 4, 2000), Cuyahoga App. No. 77265, unreported at 2.
[4] State ex rel. Murr v. Thierry (1987), 34 Ohio St.3d 45, 45-46,517 N.E.2d 226, 227; State ex rel. Call v. Zimmers (1999),85 Ohio St.3d 367, 368, 708 N.E.2d 711.
[5] Cf. State ex rel. Matthews v. Court off Common Pleas (Feb. 20, 1997), Cuyahoga App. No. 71769, unreported (motion for a writ of habeas corpus is presumed denied because the relator was convicted of the remaining counts upon retrial and the underlying case has been concluded, citing State ex rel. Richard v. Griffin (Dec. 3, 1993), Cuyahoga App. No. 66069, unreported; Solon v. Solon BaptistTemple, Inc. (1982), 8 Ohio App.3d 347, 457 N.E.2d 858)
[6] State ex rel. Hunter v. Cuyahoga Cty. Court off Common Pleas
(2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421.
[7] Id. at 420.