ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Relator is the defendant in State v. King, Cuyahoga County Court of Common Pleas Case No. CR-395587, which is assigned to respondent judge. Relator complains that the court of common pleas did not hold a preliminary hearing within ten days of his arrest as required by R.C.2945.71(C) and Crim.R. 5(B). Relator requests that this court compel respondent to dismiss the indictment.
Respondent has filed a motion to dismiss. Respondent argues that relator is not entitled to relief in mandamus because the grand jury issued an indictment in Case No. CR-395587 and relator did not challenge the propriety of his continued incarceration until after he was indicted.
In Simon v. Pokorny (Feb. 22, 2001), Cuyahoga App. No. 78639, unreported, the relator complained, inter alia, that the respondent judge failed to comply with R.C. 2945.71 and 2945.73 by failing to hold a timely preliminary hearing and to dismiss the indictment because the relator had not received a speedy trial.
In State ex rel. Drake v. Sutula (May 6, 1999), Cuyahoga App. No. 76000, unreported, Drake brought an action in mandamus against a judge of the court of common pleas and an assistant prosecuting attorney to compel them to discharge him from prison for violating his speedy trial rights and for failing to hold a preliminary hearing timely * * *. Id. at 1. The Drake court held:
 Errors, if any, relating to the preliminary hearing and his right to a speedy trial are properly reviewed on appeal. Id. at 6.
Simon, supra, at 1-2. This court granted summary judgment in favor of the respondent in Simon.
Likewise, in this action, relator's complaint regarding the preliminary hearing is not a proper subject for an action in mandamus. Rather, relator had the opportunity to raise this issue on direct appeal from his conviction. See also: State ex rel. Drake v. Sutula (May 20, 1999), Cuyahoga App. No. 75700, unreported, at 7; State ex rel. Drake v. Sutula (April 29, 1999), Cuyahoga App. No. 75999, unreported, at 6.
Additionally, various aspects of the complaint are deficient.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. * * * Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420. State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4.
Likewise, in this action, relator has failed to: support his complaint with the affidavits required by Loc.App.R. 45(B)(1)(a) and R.C.2969.25(A). As a consequence, we deny relator's claim of indigency and order him to pay costs.
Accordingly, we grant respondent's motion to dismiss. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 _____________________________ PATRICIA ANN BLACKMON, JUDGE:
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.