JOURNAL ENTRY AND OPINION
Henry Hall seeks a writ of mandamus to compel respondent, Judge Anthony O. Calabrese, to produce findings of fact and conclusions of law that formed the basis for the decision that denied Hall's motion to withdraw his guilty plea in State v. Hall, Cuyahoga County Court of Common Pleas Case No. CR-319360.
The judge moved to dismiss because, "[T]here is no duty to issue findings of fact and conclusions of law for a motion to withdraw guilty plea."[1] When there is no clear legal duty to issue findings of fact and conclusions of law, relief in mandamus is not appropriate. We are, therefore, required to conclude that the petition is deficient.
Moreover, Hall:
 did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.[2]
Because he also failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency.[3]
We grant the judge's motion to dismiss and order Hall to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B)
Writ dismissed.
DIANE KARPINSKI, ADM. J. and PATRICIA ANN BLACKMON, J., CONCUR.
[1] State ex rel. Sneed v. Judge Nancy Russo, (Sept. 27, 2000), Cuyahoga App. No. 78441, unreported and State ex rel. Williams v.Judge Frank D. Celebrezze, Jr. (July 22, 1996), Cuyahoga App. No. 70530, unreported."
[2] State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas
(2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421.
[3] State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4.