JOURNAL ENTRY AND OPINION
Relator is the defendant in State v. White, Cuyahoga County Court of Common Pleas Case No. CR-333432, which has been assigned to respondent judge. By entry received for filing on April 3, 1996, respondent accepted relator's plea and imposed sentence.
Attached to the complaint in mandamus, however, is a transcript of the hearing during which relator entered his plea. At the conclusion of that hearing, respondent indicated that the case would be referred to the probation department for a presentence report and scheduled a sentencing hearing for April 11, 1996. Relator requests that this court issue a writ of mandamus compelling respondent trial court to correct it's Journal Entry to reflect the fact that Relator sentencing was never scheduled for April 11, 1996 at 9:00 AM at Relator's request, nor was Relator sentenced on March 28, 1996, as alleged in the Trial Court's Blatant Incorrectly Journal Entries. Complaint, ad damnum clause (capitalization and punctuation in original).
Respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment arguing that this action is moot because respondent denied relator's motion to correct entry of sentence by entry received for filing on December 19, 2000. Relator argues that relief in mandamus is appropriate because he is merely requesting that the trial court correct the record. We disagree and, for the reasons stated below, deny relator's request for relief in mandamus.
In State ex rel. Perotti v. McMonagle (Jan. 18, 2001), Cuyahoga App. No. 78816, unreported, the relator requested relief in mandamus to compel the respondent judge of the court of common pleas to rule on certain motions and to vacate certain orders.
 [T]o the extent that Mr. Perotti sought rulings on his motions, he has received his requested relief, and the judge has fulfilled his duty. This claim for mandamus is moot.
 To the extent that Mr. Perotti seeks the specific relief for an order granting his motions for relief and returning his money, mandamus is inappropriate. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused.
 State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. [*3] Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Thus in the present case mandamus might have been appropriate to compel the respondent judge to issue rulings on the relevant motions, but it could not compel any specific ruling. Mr. Perotti's remedy for a ruling he disliked was appeal. Mandamus is improper for the additional relief Mr. Perotti seeks.
Id.at 3-4. Likewise, in this action, mandamus is not appropriate to compel respondent judge to enter a specific judgment.
Additionally, in the affidavit accompanying the complaint, relator merely avers that he has red the foregoing complaint, and that the statement and averment therein are true and to the best of his knowledge and memory. (Spelling in original.)
 A petition for a writ of mandamus "must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachments, the complaint is subject to dismissal." Loc.App.R. 45(B)(1)(a); State ex rel. Key v. Court of Common Pleas (Jan. 9, 1997), Cuyahoga App. No. 71680, unreported.
 In the case sub judice, relator has not set forth any facts in the petition which detail his claim * * *. Relator has not supplied any facts relating to his own particular situation.
 Nor has relator set forth any facts which specify the details of his claim in the affidavit attached to the petition.
State ex rel. Pecsi v. Jones (Mar. 16, 2000), Cuyahoga App. No. 77464, unreported, at 2-3. See also State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894, unreported, which is another action brought by relator. Likewise, relator in this action has not specified the details of his claim.
* * *
 Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
 State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A). As a consequence, we deny relator's claim of indigency and order him to pay costs.
Accordingly, we grant respondent's motion to dismiss or, in the alternative, motion for summary judgment. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, P.J., AND JAMES D. SWEENEY, J., CONCUR.