ORIGINAL ACTION JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to rule on the motions for transcript at state expense, assignment of counsel and jail-time credit filed in State v. Vann, Cuyahoga County Court of Common Pleas Case No. CR-396437 on February 26, 2001.
Respondent has filed a motion for summary judgment and two supplements attached to which are copies of journal entries issued by respondent and received for filing by the clerk on October 22, 2001 (granting jail-time credit), October 26, 2001 (granting a transcript at state expense) and December 5, 2001 (appointing counsel). Respondent argues that this action in mandamus is, therefore, moot. We agree.
Furthermore, relator failed to comply with Loc.App.R. 45(B)(1)(a), which requires that complaints in original actions "be supported by an affidavit from the plaintiff or relator specifying the details of the claim." There is another problem — the same as that found in a case this court previously dismissed:
 Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270.
State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, unreported, at 3.
This court previously denied a relator's claim of indigency and ordered the relator to pay costs when the relator
 "did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months. State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421.
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A). As a consequence, we deny relator's claim of indigency and order relator to pay costs.
Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.