ORIGINAL ACTION JOURNAL ENTRY AND OPINION
¶ 1 Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator under the caption evidentiary hearing in State v. Smith, Cuyahoga County Court of Common Pleas Case No. CR-395644 on May 2, 2001.
¶ 2 Respondent has filed a motion for summary judgment, attached to which is a copy of the findings of fact and conclusions of law issued by respondent and received for filing by the clerk on February 1, 2002. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
¶ 3 We also note that relator requests that this court compel respondent judge to provide relator with a copy of the complete transcript at state expense. Not only has relator not demonstrated that he has made this request of the trial court, but also, he has not demonstrated that he has a clear legal right to have his request granted. See State ex rel. Carley v. Court of Common Pleas (June 17, 1999), Cuyahoga App. No. 76257, unreported.
 * * * Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
 State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, unreported, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C.2969.25(A). As a consequence, we deny relator's claim of indigency and order him to pay costs.
¶ 4 Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R.58(B).
¶ 5 Writ denied.
MICHAEL J. CORRIGAN, J. AND TERRENCE O'DONNELL, J. CONCUR.