JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the denial of relator's Sentence to Conform with New Law Senate Bill-2" (Sentence to Conform) filed in State v. Austin, Cuyahoga County Court of Common Pleas Case No. CR-297825 on August 29, 2001. In the Sentence to Conform, relator requested that the court of common pleas vacate, modify or harmonize his sentence to conform with the New Laws of Senate Bill-Two. Respondent's journal entry denying the Sentence to Conform was received for filing by the clerk on September 7, 2001.
{¶ 2} Respondent has filed a motion to dismiss. Relator has not opposed the motion.
{¶ 3} Respondent correctly argues that [e]rrors, if any, regarding sentencing * * * are reviewable on appeal. State ex rel. Lesko v. Court of Common Pleas (Apr. 15, 1999), Cuyahoga App. No. 76165, at 4. We also note that relator acknowledges that he filed a direct appeal from the September 7, 2001 order. This court dismissed that appeal for failure to file a timely notice of appeal. State v. Austin (Nov. 5, 2001), Cuyahoga App. No. 80362. That dismissal necessarily suggests that this court in the exercise of its appellate jurisdiction has determined that the September 7, 2001 order was final and appealable. We cannot in the exercise of our original jurisdiction modify the determination of this court in the exercise of its appellate jurisdiction.
{¶ 4} The complaint also manifests several defects.
 {¶ 5} Moreover, the petition itself is defective because it is improperly captioned. R.C. 2731.04
requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Morton also failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
{¶ 6} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of the relator. Likewise, there is no affidavit specifying the details of the claim.
 {¶ 7} * * * Additionally, relator did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
 {¶ 8} State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
{¶ 9} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A). As a consequence, we order relator to pay costs.
{¶ 10} Relator also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133, 742 N.E.2d 651. State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
{¶ 11} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.