OPINION and JOURNAL ENTRY
This cause is before this Court on a petition for writ of mandamus/procedendo filed pro-se by Petitioner.
 Procedural History
On July 7, 1998, Petitioner filed a hand-written petition in habeas corpus in Noble County Common Pleas Court. The gravamen of his habeas petition is that the trial court pronounced a five to fifteen year sentence after a guilty plea to burglary, concurrent to a sentence already being served. The trial court imposed such sentence originally and then by amended entry filed a month later on September 2, 1987, modified it to a consecutive term of four to fifteen years of incarceration. Petitioner later filed a motion asserting criminal falsification by the amended entry.
Petitioner also filed on August 3, 1998, a motion to submit pertinent hearing transcript pages which substantiate his claim that the sentence to be imposed was to be concurrent rather than consecutive.
On the following day, Petitioner filed the instant petition for writ of mandamus/procedendo with this Court, to compel the lower court to proceed to judgment on his habeas corpus petition.
On August 7, 1998, the Respondent filed a Motion to Dismiss or for Summary Judgment in the habeas proceeding. For cause Respondent noted that the Petitioner had twice previously been rejected by the Ohio Supreme Court on habeas petitions filed with that court. Floyd v.Alexander (1995), 74 Ohio St.3d 1474; Floyd v. Alexander (1997),78 Ohio St.3d 1201. In a separate concurrence to the sua sponte dismissal of the later petition, Justice Lundberg Stratton wrote that sentencing errors were not cognizable in habeas corpus, as postconviction was available. Respondent also cited extensive case law for the same proposition and further moved for dismissal based on Petitioner's failure to comply with R.C. 2969.25, requiring an affidavit from an inmate listing all civil actions or appeals filed in the previous five years.
On August 14, 1998, the lower court judge dismissed the petition for writ of habeas corpus for the reasons stated in the Respondent's Motion to Dismiss. Copies of the dismissal order were mailed to the parties. Petitioner has not appealed the August 14, 1998 judgment dismissing his petition for a writ of habeas corpus.
For the reasons that follow this petition is dismissed. First, R.C.2969.25(A) requires:
"(A) at the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
Failure to file the required affidavit is cause for dismissal. State exrel. Sherrills v. Franklin Cty. Clerk of Courts (2001), 92 Ohio St.3d 402. Petitioner has failed to file the required affidavit and on this basis alone the petition is subject to dismissal.
Second, on August 14, 1998, the Respondent entered a ruling which dismissed the petition in habeas corpus. Petitioner had an available legal remedy to file a direct appeal of that judgment. It is well known that the availability of the legal remedy of appeal precludes the use of an extraordinary action to obtain the requested relief. State ex rel.Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176. In this case, Petitioner did not avail himself of the legal remedy of appeal from an adverse judgment. He cannot invoke a writ of mandamus when he failed to pursue an available legal remedy.
Finally, once the lower court entered a ruling on the petition for writ of habeas corpus, this petition became moot. The requested relief to compel a ruling has been accomplished by the entry of a judgment dismissing the habeas corpus petition.
Accordingly, this petition for writ of mandamus/procedendo is dismissed. Costs of this action taxed against Petitioner.
Final order. Clerk to serve a copy of this opinion and journal entry on counsel of record or unrepresented party.
Donofrio, J., Vukovich, J., and Waite, J., concurs.