JOURNAL ENTRY AND OPINION
{¶ 1} Relator requests that this court compel respondent judge to issue findings of fact and conclusions of law with respect to the petition for postconviction relief filed by relator in State v. Johnson, Cuyahoga County Court of Common Pleas Case No. CR-404664 on August 26, 2002.
 {¶ 2} Respondent has filed a motion to dismiss or, in the alternative, for summary judgment attached to which is a copy of the findings of fact and conclusions of law issued by respondent and received for filing by the clerk on March 3, 2003. Although relator has opposed the motion, respondent argues that this action in mandamus is moot. We agree.
 {¶ 3} We also note that the complaint is defective. The caption of the complaint is "State of Ohio vs. Kevin Johnson." Yet, "R.C. 2731.04
requires that an application for a writ of mandamus `must be by petition, in the name of the state on the relation of the person applying.' This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270." State v. Klein, Cuyahoga App. No. 82283, 2003-Ohio-1177, at ¶ 3.
"* * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civil action he hadfiled in the previous five years in any state or federal court and alsodid not file an R.C. 2969.25(C) certified statement by his prison cashiersetting forth the balance in his private account for each of thepreceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Court ofCommon Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order him to paycosts. Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, because relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio ParoleBoard (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alfordv. Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel.Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
 {¶ 4} Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
FRANK D. CELEBREZZE, JR., J. and TIMOTHY E. MCMONAGLE, J., concur.