ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Timothy M. Nash, is the defendant in State v.Nash, Cuyahoga County Court of Common Pleas Case No. CR-444014. Nash appealed Case No. CR-444014 to this court as State v.Nash, Cuyahoga App. No. 84044. By entry received for filing on March 4, 2004 (signed by Administrative Judge Michael J. Corrigan with Judge Patricia Blackmon concurring), this court dismissed Case No. 84044 for failure to file the record.
 {¶ 2} In this action, Nash requests that this court compel Judges Corrigan and Blackmon to allow Case No. 84044 to proceed.
 {¶ 3} By entry dated March 22, 2004 in Case No. 84044, this court reinstated Nash's appeal and granted him leave to file motions for appointment of counsel and preparation of transcript at state's expense. As a consequence, this action is moot.
 {¶ 4} We also note that the complaint is defective. The caption of the complaint is "Nash v. Blackmon and Corrigan." Yet, "R.C. 2731.04 requires that an application for a writ of mandamus `must be by petition, in the name of the state on the relation of the person applying.' This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County
(1962), 173 Ohio St. 226, 181 N.E.2d 270." State v. Klein,
Cuyahoga App. No. 82283, 2003-Ohio-1177, at ¶ 3.
" * * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state orfederal court and also did not file an R.C. 2969.25(C) certifiedstatement by his prison cashier setting forth the balance in hisprivate account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, wedeny relator's claim of indigency and order him to pay costs.Id. at 420."
 {¶ 5} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State exrel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v.Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 7} Writ dismissed.
Kilbane, P.J., Concurs.
 Rocco, J., Concurs.