ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Jarmaine Taylor, avers that he is the defendant in State v. Taylor, Cuyahoga County Court of Common Pleas Case No. CR-373240. Taylor requests that this court compel the court of common pleas to rule on the motion for judicial release which he filed on March 26, 2004.
 {¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on September 16, 2004 in which the court of common pleas denied Taylor's motion for judicial release. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
 {¶ 3} The complaint also manifests several defects.
{¶ 4} "Moreover, the petition itself is defective because itis improperly captioned. R.C. 2731.04 requires that anapplication for a writ of mandamus must be by petition, in thename of the state on the relation of the person applying. Thisfailure to properly caption a mandamus action is sufficientgrounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. [Relator] Morton also failed tosupport his complaint with an affidavit specifying the details ofthe claim as required by Local Rule 45(B)(1)(a). State ex rel.Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077,unreported and State ex rel. Smith v. McMonagle (July 17,1996), Cuyahoga App. No. 70899, unreported."
 {¶ 5} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "State ex rel. v. Jarmaine Taylor." Likewise, there is no affidavit specifying the details of the claim.
{¶ 6} "* * * Additionally, relator"
 {¶ 7} "`did not file an R.C. 2969.25(A) affidavit describingeach civil action or appeal of a civil action he had filed in theprevious five years in any state or federal court * * *.'"
 {¶ 8} "`State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order himto pay costs. Id. at 420.'"
 {¶ 9} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A). As a consequence, we order relator to pay costs.
 {¶ 10} Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action. Stateex rel. Sherrills v. State (2001), 91 Ohio St. 3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 11} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 Corrigan, A.J., concurs.
 Rocco, J., concurs.