ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Madelyne Marcano has filed a complaint for a writ of mandamus. Marcano seeks and order from this court to require the state of Ohio to apply the sentencing guidelines, as established by the Supreme Court of Ohio in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, to the conviction and sentence as rendered in the underlying case of State v.Marcano, Cuyahoga County Court of Common Pleas Case No. CR-366128. The state of Ohio has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} Initially, we find that Marcano's complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Marcano to properly caption her complaint for a writ of mandamus warrants dismissal. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Marcano has also failed to comply with R.C. 2969.25, which requires that an affidavit be attached to the complaint for a writ of mandamus and that the affidavit describe each civil action or appeal filed within the previous five years in any state or federal court. Marcano's failure to comply with R.C.2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters,80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Marcano has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint be supported by an affidavit that specifies the details of the claim. The failure of Marcano to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) also requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 4} Notwithstanding the procedural defects of the complaint, we find that Marcano has failed to establish that she is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Marcano must establish that: (1) she possesses a clear legal right to have her sentence modified or vacated; (2) the state of Ohio possesses a clear legal duty to modify or vacate her sentence; and (3) no adequate remedy exists in the ordinary course of the law. State ex rel. Harris v.Rhodes (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; State ex rel.National City Bank v. Bd. of Edn. (1977), 52 Ohio St.2d 81,369 N.E.2d 1200. Herein, Marcano has failed to establish that she possesses any right which requires a modification of her sentence or that the sentence be vacated. In addition, Marcano has failed to establish that the state of Ohio possesses any legal duty to modify or vacate her sentence of incarceration. Such a duty, if any, would lie with the trial court which imposed the sentence of incarceration.[1]
 {¶ 5} Accordingly, we grant the motion to dismiss. Costs to Marcano. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as mandated by Civ.R. 58(B).
Complaint dismissed.
Calabrese, J., concurs.
 Corrigan, J., concurs.
[1] Assuming that Marcano correctly named the trial court as respondent, we further find that there exists no duty to vacate or modify the sentence imposed in State v. Marcano, supra, on Nov. 13, 1998. A new judicial ruling may not be applied retroactively to a conviction that has become final. Ali v.State, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687. A conviction is final if the defendant has exhausted all appellate remedies or the time for appeal has expired. State v. Lynn
(1966), 5 Ohio St.2d 106, 214 N.E.2d 226. The decision, as rendered by the Supreme Court of Ohio in Comer, was decided on August 27, 2003. Based upon the procedural history of Marcano's criminal case, the conviction and sentence were final long beforeComer was decided in 2003. Marcano is not entitled to the retroactive application of Comer.