JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Bennie Anderson, is the defendant in State v.Anderson, Cuyahoga County Court of Common Pleas Case Nos. CR-203616, 464328 and 464929. Currently, appeals are pending in Case Nos. CR-464328 (App. No. 87828) and 464929 (App. No. 87836). Respondents are the court of common pleas and the clerk.
 {¶ 2} Anderson filed a motion to conform his sentence to S.B. 2 as modified by case law and a motion for collection assistance on September 13, 2005. On October 7, 2005, he also filed a notice to initiate document theft investigation. Anderson complains that there has been no disposition of these filings and requests that this court compel respondent court to issue rulings and respondent clerk to file the rulings.
 {¶ 3} Respondent has filed a motion to dismiss, attached to which are various journal entries from Case Nos. CR-203616, 464328 and 464929 denying Anderson's motions. Anderson has filed a motion to dismiss in part in which he concedes that the action should be dismissed as to Case Nos. CR-203616, 464328 and 464929. Yet, he also requests that this court "extend" this case to compel the clerk to correct the arrest date in Case Nos. CR-399468 and 400933.
 {¶ 4} Crim. R. 36 authorizes the correction of errors in the record "at any time." As a consequence, Anderson has an adequate remedy in the ordinary course of the law. Compare State ex relAhmed v. Costine, 103 Ohio St.3d 166, 2004-Ohio-4756,814 N.E.2d 865, at ¶ 5 (App.R. 9 is an adequate remedy for correcting errors in the record). We deny, therefore, Anderson's request for relief regarding Case Nos. CR-399468 and 400933.
 {¶ 5} Anderson's complaint and supporting documentation also are defective in ways that require dismissal. "A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of [relator] to properly caption her complaint for a writ of mandamus warrants dismissal." Marcano v. State, Cuyahoga App. No. 87797,2006-Ohio-1946, at ¶ 2 (citations deleted). See also R.C.2731.04. Anderson's complaint is not captioned as being on relation of the state. Anderson "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State (2001),91 Ohio St. 3d 133, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
"* * * Additionally, relator `did not file an R.C. 2969.25(A)affidavit describing each civil action or appeal of a civilaction he had filed in the previous five years in any state orfederal court and also did not file an R.C. 2969.25(C) certifiedstatement by his prison cashier setting forth the balance in hisprivate account for each of the preceding six months.' State exrel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000),88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, wedeny relator's claim of indigency and order him to pay costs.Id. at 420." State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, Anderson has failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency and order him to pay costs. "The failure to comply with R.C. 2969.25
warrants dismissal of the complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hitev. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v.Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 6} Accordingly, for the reasons stated above and in light of relator's motion to dismiss in part, this action is dismissed to the extent that Anderson voluntarily dismisses the claims stated in his original complaint. Respondent's motion to dismiss is overruled as moot. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Relator to pay costs.
Complaint dismissed.
Kilbane, J., and Corrigan, J., Concur.