JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Oniel Clarke, is the defendant in State v. Clarke, Cuyahoga County Court of Common Pleas Case No. CR-466666, which is currently pending. Clarke is currently being held in the Cuyahoga County Jail. In this action, Clarke requests that this court issue a writ of mandamus compelling respondents — the sheriff, the director of corrections and the warden — "to inform the inmates of any and all detainers that have been lodged against them while they are incarcerated * * *." Notice of Petition for Writ of Mandamus.
 {¶ 2} In support of this request for relief, Clarke relies on R.C.2941.401 and 2963.30. R.C. 2941.401 authorizes a person who is incarcerated in a correctional institution in Ohio and against whom there is a pending criminal case to provide notice to the prosecutor regarding the inmate's location. "* * * R.C. 2941.401 places the initial duty on the defendant to cause written notice to be delivered to the prosecuting attorney and the appropriate court advising of the place of his imprisonment and requesting final disposition * * *. Further, a warden or prison superintendent has a duty to inform the incarcerated defendant of charges only when the warden or superintendent has knowledge of such charges." State v. Hairston, 101 Ohio St.3d 308, 310,2004-Ohio-969, 804 N.E.2d 471.
 {¶ 3} "R.C. 2963.30 through 2963.35, the Interstate Agreement on Detainers ("IAD"), * * * allows a defendant who is incarcerated in one state to notify other states that have charges pending against him of his whereabouts and to request those *Page 4 
other states for final disposition." Hairston, supra, at 311. R.C.2963.30 sets forth the various articles of the IAD.
 "In substance, Article III and IV of R.C. 2963.30 speak to the right of a detainee to have a speedy trial. Article III defines the procedure when the detainee initiates the process for trial and sets the speedy trial time at one hundred eighty days. The detainee must serve notice on both the prosecutor and the court, which must contain a certification from the warden stating the terms of the detainee's incarceration. Article IV sets forth the procedure to be followed when the prosecutor initiates the detainer procedure."
State v. Levy, Cuyahoga App. No. 83114, 2004-Ohio-4489, at ¶ 10. Upon receipt of the prosecutor's request for a prisoner with respect to an untried indictment, information or complaint, Article IV (b) of R.C.2963.30 requires that the parties who have custody of the prisoner provide the prosecutor with information regarding the continuing commitment of the defendant.
 {¶ 4} Respondents have filed a motion to dismiss and argue that respondents have no duty to act under R.C. 2941.401 and 2963.30. The motion to dismiss is unopposed. Certainly, Clarke has failed to provide this court with any authority that respondents have any duty to a prisoner other than to inform a prisoner when they haveknowledge of charges against the prisoner. See Hairston, supra. Clarke, on the other hand, requests that this court direct respondents "to inform all inmates of any and all detainers that have beenfiled against the inmates." Complaint, at 1 (emphasis added). Clarke has not averred that respondents have refused to inform inmates regarding criminal charges with respect to which respondents had received *Page 5 
notice. We agree with respondents, therefore, that the complaint fails to state a claim upon which relief can be granted.
 {¶ 5} We also agree with respondents that several defects in the complaint also require dismissal. "A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of [relator] to properly caption her complaint for a writ of mandamus warrants dismissal." Marcano v. State, Cuyahoga App. No. 87797, 2006-Ohio-1946, at ¶ 2 (citations deleted). See also R.C.2731.04. Clarke's complaint is not captioned as being on relation of the state. Clarke "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10 (A). This may also be grounds for dismissing the action. State ex rel. Sherrills v.State (2001), 91 Ohio St. 3d 133, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 "* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4.
 {¶ 6} Likewise, in this action, Clarke has failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency and order *Page 6 
him to pay costs. "The failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 andState ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242." State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
 {¶ 7} Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. Additionally, Clarke's "Verification" and "Declaration of Indigency" are not notarized. See State ex rel. Bristowv. The Plain Dealer (Dec. 6, 2001), Cuyahoga App. No. 80462, at 4.
 {¶ 8} Accordingly, respondents' motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1