JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Kevin Hughley, a.k.a. Hakeem Sultaana, was a driver in a two-vehicle accident and charged with driving without a license (as a nonresident) and with driving under suspension. Hughley claims that the police officer who prepared the police report, Janet Murphy, inaccurately represented the events. Hughley requests that this court issue a writ of mandamus compelling the "Cleveland Police Department," Murphy and Murphy's supervisor who checked Murphy's report, Sergeant Emily Frazier, to correct the report as well as to return his New York driver's license. *Page 3 
 {¶ 2} Respondents have filed a motion for summary judgment, to which Hughley has not responded. For the reasons stated below, we grant the motion for summary judgment and enter judgment in favor of respondents.
 {¶ 3} "The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEdn. (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel. Harrisv. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. All three of these requirements must be met in order for mandamus to lie.
 {¶ 4} A copy of the report about which Hughley complains is attached to the complaint in this action. In the report, Officer Murphy describes the circumstances and states her conclusion as to the cause of the accident.
 {¶ 5} Clearly, Hughley disagrees with the content of Officer Murphy's report. Hughley has not, however, provided this court with any controlling authority under which his disagreement with Officer Murphy would require the granting of relief in mandamus. That is, he has not substantiated his claim that he has a clear legal right to have the police report "corrected" in the manner he determines to be appropriate. Similarly, he has not set forth any source for establishing a duty on the part of respondents to revise the report to be consistent with his version of events. *Page 4 
Additionally, he has not refuted respondents' claim that he has an adequate remedy in the ordinary course of the law by challenging the correctness of the police report in the context of the court proceeding resulting from the issuance of the ticket. Cleveland v. Sultaana, Cleveland Municipal Court Case No. 2007TRD043244. In light of the complete failure of Hughley to demonstrate any basis for the relief he has requested, we must deny his request for relief in mandamus.
 {¶ 6} We also agree with respondents that several defects in the complaint require dismissal. "A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of [relator] to properly caption her complaint for a writ of mandamus warrants dismissal." Marcano v. State, Cuyahoga App. No. 87797,2006-Ohio-1946, at ¶ 2 (citations omitted). See also R.C. 2731.04. Hughley's complaint is not captioned as being on relation of the state.
 {¶ 7} Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679. Additionally, although Hughley's "Affidavit of Indigence" purports to be signed by a notary public, the form does not have the other indicia of having been notarized (i.e., a seal and the date of the expiration of the notary's commission). Cf. State exrel. Bristow v. The Plain Dealer (Dec. 6, 2001), Cuyahoga App. No. 80462, at 4. *Page 5 
 {¶ 8} Accordingly, respondents' motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint denied.
 ANN DYKE, J., AND MARY J. BOYLE, J., CONCUR *Page 1