[Cite as *Bandy v. Villanueva*, 2012-Ohio-3695.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98116**

---

## WILLIE BANDY

RELATOR

vs.

## JUDGE JOSE A. VILLANUEVA

RESPONDENT

**JUDGMENT:**
**WRIT DENIED**

Writ of Mandamus
Motion No. 453947
Order No. 457283

**RELEASE DATE:**     August 15, 2012

**FOR RELATOR**

Willie Bandy, pro se
Inmate No. 431-465
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, OH    44044

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

PATRICIA ANN BLACKMON, A.J.,

{¶1}    Relator, Willie Bandy, is the defendant in *State v. Bandy*, Cuyahoga C.P. No. CR-417888, which has been assigned to respondent judge.   Bandy was originally sentenced in 2002.   In 2008, Bandy appealed his sentencing entry issued in 2002.   This court denied his motion for delayed appeal as well as his motion for appointment of counsel and dismissed his appeal.   *State v. Bandy*, 8th Dist. No. 91322, (Apr. 23, 2008). He complains that, despite the fact that he was indigent, the trial court required him to pay court costs.   He requests that this court issue a writ of mandamus compelling respondent to waive court costs.

{¶2} It is well established that a defendant in a criminal proceeding may, at sentencing, request the trial court to waive costs.   If the trial court denies the request to waive costs, the defendant has an adequate remedy by way of appeal.   *See, e.g., Henderson v. State*, 8th Dist. No. 97042, 2011-Ohio-5679, citing *Collins v. State*, 8th Dist. No. 97111, 2011-Ohio-4964.   "[A]ny error regarding the imposition of court costs can be challenged by appeal.   *State ex rel. Whittenberger v. Clarke* (2000), 89 Ohio St.3d 207, 208, 2000 Ohio 136, 729 N.E.2d 756."   *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 4.

{¶3} Respondent has filed a motion for summary judgment, and Bandy has filed a brief in opposition.   Respondent argues that relief in mandamus is not appropriate because Bandy had an adequate remedy by way of appeal in the underlying criminal case.   We agree.

**{¶4}** Additionally, the complaint is defective. The action is not on relation of the state as required by R.C. 2731.04. Relator has not included the addresses of the parties in the caption as required by Civ.R. 10(A), which may also be a ground for dismissal. *Clarke v. McFaul*, 8th Dist. No. 89447, 2007-Ohio-2520, ¶5.

**{¶5}** Accordingly, we grant respondent's motion for summary judgment. Relator to pay costs. The court directs the clerk to serve notice of this judgment and its date of entry upon all parties as required by Civ.R. 58(B).

**{¶6}** Writ denied.

---

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR