The STATE ex rel. PLESS

v.

McMONAGLE.

[Cite as *State ex rel. Pless v. McMonagle* (2000), 139 Ohio App.3d 503.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78198.

Decided Oct. 26, 2000.

*Carroll Dean Pless, pro se.*

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for respondent.

MICHAEL J. CORRIGAN, Judge.

Carroll Dean Pless petitioned this court for a writ of prohibition to stop the garnishment of funds from his prison account. Petitioner alleges that his prison account is being garnisheed pursuant to the order of respondent, Judge Richard McMonagle, which revived a judgment against petitioner for court costs in *State v. Pless,* C.P. Nos. CR–182018 and CR–269513. Petitioner contends that respondent was without authority to issue this order because petitioner was declared indigent at the time of his criminal proceeding and because petitioner is entitled to an exemption for the reason that his prison account has not exceeded $5,000. Respondent moved to dismiss the petition and, for the reasons argued by the prosecutor and those that follow, we grant respondent's motion.

A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained in the petition are true, that the petitioner can prove no set of facts which would warrant the relief sought. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 661 N.E.2d 170. The relief sought herein is a writ of prohibition. A writ of prohibition may be issued only after a petitioner establishes that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) the refusal of the writ would result in an injury for which there exists no adequate remedy in the ordinary course of law. *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65, 69 O.O.2d 396, 320 N.E.2d 286, paragraph one of the syllabus. The existence of an adequate remedy is immaterial, however, if a court is plainly without jurisdiction to proceed. *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606; *State ex rel. Carriger v. Galion* (1990), 53 Ohio St.3d 250, 560 N.E.2d 194; *State ex rel. Allstate Ins. Co. v. Gaul* (1999), 131 Ohio App.3d 419, 722 N.E.2d 616. Otherwise, absent a patent and unambiguous lack of jurisdiction, a party contesting a court's jurisdiction generally has an adequate remedy via postjudgment appeal within which to pursue any jurisdictional challenge. *Clark v. Connor* (1998), 82 Ohio St.3d 309, 695 N.E.2d 751; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. Thus, it is only when jurisdiction is patently lacking that a writ of prohibition will lie to undo an order already entered. *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22.

After reviewing the allegations contained in the petition, we fail to find any claim sufficient to withstand the Civ.R.12(B) motion to dismiss filed by respondent. The trial court did not patently and unambiguously lack jurisdiction to issue an order reviving a judgment for the collection of court costs from petitioner.

The assessment of court costs in a criminal case is authorized by statute as follows:

"In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid." R.C. 2947.23.

The costs of prosecution are to be included in the sentence, *id.*, and challenges to these costs may be made at the time of appeal, see *State v. Farmer* (Apr. 6, 2000), Cuyahoga App. No. 75080, unreported, 2000 WL 354776. The failure to make such a challenge on appeal will generally preclude subsequent collateral

attacks. *State ex rel. Whittenberger v. Clarke* (2000), 89 Ohio St.3d 207, 729 N.E.2d 756; *State v. Spring* (July 21, 2000), Ashtabula App. Nos. 99–A–0028 and 99–A–0029, unreported; *State v. Costa* (Sept. 3, 1999), Greene App. No. 99–CA–0014, unreported, 1999 WL 957647.

Additional statutes specifically permit the collection of court costs from prison inmates. R.C. 2969.27 provides:

"If an inmate commences a civil action or appeal against a government entity or employee and is granted a judgment for damages in the civil action or appeal, the court shall order that the following be deducted and paid from the award on a pro rata basis before any payment is made to the inmate or the inmate's counsel:

"(A) Any fine, court costs, or court-ordered restitution imposed upon the inmate for an offense for which the inmate is confined or for any previous offense committed by the inmate * * *." R.C. 2969.27(A).

Funds may be removed from prison accounts pursuant to statute as follows:

"The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section." R.C. 5120.133(A).

Thus, pursuant to statute, a trial court has the authority to assess costs in a criminal case and the authority, pursuant to its judgment, to institute the collection of those costs.

 Petitioner alleges that the withdrawal of money from his account is unauthorized because he was declared indigent at the time of his criminal proceeding. A declaration of indigency for purposes of a criminal proceeding, however, cannot be used to avoid the collection of court-imposed costs. *State ex rel. Perotti v. McMonagle* (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported, 2000 WL 1474510; *State ex rel. Kuhr v. Clerk of Court* (June 28, 2000), Lucas App. No. L–00–1164, unreported, 2000 WL 864445; *State v. Costa* (Sept. 3, 1999), Greene App. No. 99–CA–0014, unreported, 1999 WL 957647; *State v. Engle* (Mar. 19, 1999), Greene App. No. 98–CA–125, unreported, 1999 WL 147920, appeal dismissed (1999), 86 Ohio St.3d 1416, 711 N.E.2d 1011.

■ Petitioner also alleges that he is entitled to an exemption which precludes the withdrawal of funds from his account. The statute governing the transfer of a prisoner's funds to satisfy a judgment provides:

"The department may adopt rules specifying a portion of an inmate's earnings or other receipts that the inmate is allowed to retain to make purchases from the commissary and that may not be used to satisfy an obligation pursuant to division (A) of this section. The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to section 2329.66 of the Revised Code or to any other provision of law." R.C. 5120.133(B).

The fact that petitioner is claiming the application of an exemption does not bring into question the jurisdiction of respondent to revive the judgment of court costs against petitioner. A court has the statutory authority to revive dormant judgments pursuant to R.C. 2325.15. If an exemption under R.C. 2329.66 is not recognized in the reviver proceeding to the satisfaction of the debtor, the debtor may raise that issue on appeal. See *State v. Graewe* (July 27, 2000), Cuyahoga App. No. 77545, unreported, 2000 WL 1060607; see, also, *State ex rel. Perotti v. McMonagle* (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported, 2000 WL 1474510.

Accordingly, there being no patent and unambiguous lack of jurisdiction on the part of respondent, the issuance of a writ of prohibition to undo the order of respondent is unwarranted. Respondent's motion to dismiss is granted. Costs are to be assessed against petitioner. The clerk of court is to serve notice upon all parties as provided in Civ.R. 58(B).

*Motion to dismiss granted.*

KARPINSKI, P.J., and ROCCO, J., concur.