DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court judgment that overruled various motions and objections filed by Randy Evans, defendant below and appellant herein, regarding the collection of court costs from his prison account. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO RENDER FINDINGS OF FACT AND CONCLUSIONS OF LAW WHEN DISMISSING APPELLANT'S OBJECTIONS, MOTION FOR RELIEF FROM JUDGMENT, AND PETITION FOR POSTCONVICTION RELIEF."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO HOLD A HEARING ON APPELLANT'S OBJECTIONS AND CLAIMS."
THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY FAILING TO FIND THAT SEVERAL EXEMPTIONS UNDER R.C. 2329.66 APPLIED TO THE TAKING OF MONEY FROM APPELLANT'S PRISON ACCOUNT."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY FAILING TO FIND THAT APPELLANT'S INDIGENT STATUS PRECLUDED THE TAKING OF MONEY FROM HIS PRISON ACCOUNT TO PAY COURT COSTS."
FIFTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY FAILING TO FIND CONSTITUTIONAL ERROR WITH THE PROCESS THAT PERMITS THE TAKING OF MONEY FROM APPELLANT'S PRISON ACCOUNT AND CONSTITUTIONAL ERROR WHEN LEAVING ONLY $10.OO PER MONTH TO APPELLANT TO SUBSIST WHILE IN PRISON IS AN INSUFFICIENT AMOUNT."
SIXTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY FAILING TO FIND THAT APPELLANT'S DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO SEEK A WAIVER OF COURT COSTS ON BEHALF OF APPELLANT AT THE TIME APPELLANT WAS SENTENCED."
In August of 1995, a bill of information was filed in the trial court that accused appellant of having sexual contact with a four (4) year old female. Appellant eventually pled guilty to one count of gross sexual imposition, in violation of R.C. 2907.05. The trial court sentenced appellant to an indefinite prison term of three to ten years and ordered him to pay court costs.
In April, 2001, the State initiated proceedings to recover those costs from appellant's Pickaway Correctional Institute (hereinafter "PCI") account. Appellant filed objections together with a dual motion for relief from judgment and a request for postconviction relief. The trial court overruled appellant's objections and denied both motions. This appeal followed.
 I
Appellant asserts in his first assignment of error that the trial court erred in dismissing his objections and two motions without first rendering findings of fact and conclusions of law. We disagree.
Appellant cites no authority to support his underlying premise that the trial court was required to perform in this manner. Appellant does cite R.C. 2953.21(G) for the proposition that a trial court must make findings of fact and conclusions of law when denying a petition for postconviction relief. However, the purpose of postconviction relief is to challenge a criminal conviction as having been obtained in violation of state or federal constitutional rights. Id. at (A)(1). Appellant's motion made no such challenge. Instead, appellant's motion challenged court cost collection.
Appellant also cites several cases for the proposition that when grounds for relief appear of record, a trial court must make factual findings before it dismisses a Civ.R. 60(B) motion. Appellant, however, did not seek relief from any judgment under Civ.R. 60(B); rather, he sought to forestall the collection of court costs. The trial court correctly dismissed this improper use of such a motion.
For these reasons, we hereby overrule appellant's first assignment of error.
 II
Appellant argues in his second assignment of error that the trial court erred in not holding a hearing on his objections. We disagree.
Once again, appellant cites no authority which persuades us that a hearing was required. He relies in his brief on R.C. 2953.21 and Civ.R. 60(B) but, as we already noted above, neither provision applies in this case. Appellant also argues that he was entitled to a hearing under various other statutory provisions but, having reviewed those statutes, we find nothing therein to support his contention. There being no apparent support for his argument, we overrule appellant's second assignment of error.
 III
Appellant argues in his third assignment of error that the trial court erred in failing to rule that his funds on deposit at PCI were exempt from collection. We disagree.
Our analysis begins with R.C. 5120.133 which states:
 "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.
 (B) The department may adopt rules specifying a portion of an inmate's earnings or other receipts that the inmate is allowed to retain to make purchases from the commissary and that may not be used to satisfy an obligation pursuant to division (A) of this section. The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment or sale to satisfy a judgment or order pursuant to section 2329.66 of the Revised Code or to any other provision of law."
 Pursuant to its express grant of authority, the Ohio Department of Rehabilitation and Correction has promulgated Ohio Adm. Code 520-5-03 which provides in pertinent part:
 "(C) When a certified copy of a judgment from a court of proper jurisdiction is received directing the DRC to withhold funds from an inmate's account, the warden's designee shall take measures to determine whether the judgment and other relevant documents are facially valid. If a facial defect is found then a letter of explanation shall be sent to the clerk or other appropriate authority and the collection process stops until the defect is cured. If no defect is found, the warden's designee shall promptly deliver to the inmate adequate notice of the court-ordered debt and its intent to seize money from his/her personal account. The required notice must inform the inmate of a right to claim exemptions and types of exemptions available under section 2329.66 of the Revised Code and a right to raise a defense as well as an opportunity to discuss these objections with the warden's designee. This practice provides safeguards to minimize the risk of an unlawful deprivation of inmate property.
When the pre-deprivation notice is delivered to the inmate, the warden's designee shall also deliver notice to place a hold on the inmate's account to the cashier. The court ordered amount or available portion thereof shall be held until further notice by the designee.
After the inmate's timely opportunity to assert any exemption ordefense, the designee shall review the record and determine the department's authority to withdraw money from the inmate's account. * * *" (Emphasis added.)
This regulation does not specify what constitutes a "timely opportunity" to assert an exemption or defense. However, the notice form served on appellant states that appellant had fourteen days from the date of that notice to file any defenses or objections to the collection of money from his prison account. Otherwise, any defenses or objections would be deemed to be waived. We believe that this time frame is reasonable given the wide parameters of R.C. 5120.133 and Ohio Adm. Code 520-5-03(C).
In the case sub judice, the notice served on appellant was dated April 11, 2001. Appellant had fourteen days from that date to file his objections or defenses. On May 5, 2001, appellant submitted his written objections (DRC Form 1599). Appellant's objections fell outside the specified fourteen day regulatory deadline. Thus, appellant's objections/defenses are deemed waived and there was no error in dismissing them.
Appellant, in the motion(s) he filed in the trial court, acknowledged that his objections/defenses were untimely. Appellant attempted to justify his untimely response by claiming that although the Notice Form was dated April 11, 2001, he did not actually receive it until April 25, 2001. Thus, appellant concludes, his objections should be considered to have complied with the filing requirement. We are not persuaded.
First, we note that the Notice Form delivered to appellant explicitly instructs him to submit his objections/defenses fourteen days after the date stated on that form (April 11, 2001), not fourteen days after the date he allegedly received that notice form. Second, and more important, appellant submitted no evidence to support his claim that he did not receive the form until April 25th. The allegations that appellant includes in his motions are not evidence and could not be considered as such.
For all these reasons, we hold that appellant did not file timely objections/defenses to the collection of court costs from his prison account. Thus, his objections/defenses were properly deemed to be waived and the trial court committed no error by dismissing his objections/defenses. Accordingly, we overrule appellant's third assignment of error.[1]
 IV
Appellant argues in his fourth assignment of error that the trial court erred in not ruling that his previous indigent status, attained during his criminal proceeding, barred the collection of court costs from his prison account. We disagree.
A declaration of indigency for purposes of a criminal conviction cannot be used to avoid the collection of court costs pursuant to R.C. 5120.133.State ex rel. Pless v. McMonagle (2000), 139 Ohio App.3d 503, 506,744 N.E.2d 274, 277; also see State ex rel. Perotti v. McMonagle (Oct. 5, 2000), Cuyahoga App. No. 78295, unreported; State v. Engle (Mar. 19, 1999), Greene App. No. 98-CA-125, unreported.
Accordingly, based upon the foregoing reasons we overrule appellant's fourth assignment of error.
 V
Appellant argues in his fifth assignment of error that the trial court erred in failing to find constitutional error with a process that takes money from his prison account and leaves him only ten dollars ($10.00) per month while in prison. We are not persuaded.
The Ohio General Assembly delegated the formulation of this process to the Department of Rehabilitation and Correction pursuant to R.C.5120.133(B). That department concluded that ten dollars per month is a sufficient sum to sustain the needs of a prisoner. See Ohio Adm. Code 520-5-03(C). As noted by our colleagues on the Greene County Court of Appeals, this was "an administrative decision wholly committed to the discretion of the Department and not subject to judicial review." SeeCosta, supra. Appellant also has not persuaded us that he has suffered any serious deprivation as a result of that policy.
Accordingly, based upon the foregoing reasons, we overrule appellant's fifth assignment of error.
 VI
Appellant argues in his final assignment of error that the trial court erred in not ruling that his defense counsel, appointed to represent him in the criminal prosecution, was constitutionally ineffective for failing to seek a waiver of court costs at the time he was sentenced. We disagree.
This issue should have been raised in a direct appeal from the original conviction. It is now res judicata. See Costa, supra; also see generallyState v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus; State v. Nichols (1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375,377; State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus. Moreover, a claim of constitutionally ineffective assistance of counsel was not properly before the trial court and is not properly before us on appeal. The sole issue here is whether appellant had a valid objection/defense to collection of court costs from his prison account. He did not.
Accordingly based upon the foregoing reasons we overrule appellant's sixth assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Evans, J.: Concurs in Judgment Opinion as to Assignments of Error I, II, IV, V VI and Dissents as to Assignment of Error III.
[1] We parenthetically note that appellant may have had a valid argument in this case. Both R.C. 5120.133 and Adm. Code 520-5-03 specify that the exemptions set forth in R.C. 2329.66 apply with respect to collection of court costs from prisoners. This has been noted in dicta in several court decisions that construed those provisions. See e.g. Stateex rel. Pless v. McMonagle (2000), 139 Ohio App.3d 503, 507,744 N.E.2d 274, 277; State v. Costa (Sep. 3, 1999), Greene App. No. 99CA014, unreported. As appellant correctly points out in his brief, R.C. 2329.66(A)(13)(a) expressly allows for a portion of "personal earnings" to be held exempt from execution, attachment or garnishment. Although we have found no caselaw that applies that exemption in the context of a collection proceeding against a prisoner pursuant to R.C.5120.133, appellant may well have a point that this provision bars the collection of a portion of his prison income deposited into his prison account. The State responds to this issue only with the statement that there is nothing in R.C. 2329.66 that bars the collection money "earned by the prisoner while in prison." This is inadequate analysis, however. We find nothing in the statute that expressly bars the collection of money from doctors, plumbers or auto-mechanics earned in the practice of medicine, plumbing or auto-repair. Nevertheless, one could not seriously contend that the statute does not apply to them. The statute is much broader than the State would have us read it. In any event, because appellant waived the issue below, we need not and do not address the issue of whether he had a valid exemption to the collection of court costs from his prison account under R.C. 2329.66(A)(13)(a).