OPINION
Pro se appellant, James O. Kachermeyer, an inmate incarcerated at the Hocking Correctional Facility ("HCF"), appeals the judgment of the Franklin County Court of Common Pleas dismissing his motion for injunctive relief filed against appellee, J. L. Tolson, Acting Deputy Warden of HCF.
Appellant was indicted in case No. 98CR-10-5633 on three counts of gross sexual imposition. In February 1999, the trial court accepted appellant's guilty plea to two counts and entered a nolle prosequi for the remaining count. He was sentenced to consecutive prison terms of four years on one count and twelve months on the other and ordered to pay court costs. In addition, he was adjudicated a sexual predator.
Appellant subsequently appealed his conviction. This court affirmed the sexual predator adjudication as well as the decision requiring appellant to serve sentences of four years and twelve months. However, this court reversed the trial court's decision ordering the sentences to be served consecutively and remanded the matter for resentencing. State v. Kachermeyer (Dec. 21, 1999), Franklin App. No. 99AP-439, unreported. On remand, the trial court imposed the same sentence and again ordered appellant to pay court costs. No appeal was filed from this judgment.
On March 6, 2001, a cost bill was filed by the clerk of courts delineating costs as follows: "total clerk fees" — $242, "total miscellaneous fees" — $40, and "total sheriff fees" — $169.70. Appellant was credited the $169.70 "total sheriff fees" due to his indigent status. Accordingly, appellant was assessed a total of $282 in court costs.
A hold was placed on appellant's inmate account through the Department of Rehabilitation and Correction. On April 11, 2001, appellee notified appellant that monies would be withdrawn from his inmate account to satisfy the $282 court cost obligation and that he had two weeks to submit a written explanation as to why the funds should not be withdrawn. On April 15, 2001, appellant filed a notice of objection indicating that the funds should not be withheld for the reasons stated in his "motion to vacate bill of cost."[1] On April 25, 2001, appellee issued a decision finding that the explanation provided by appellant in his April 15, 2001 notice of objection did not apply to monies in his inmate account. As such, appellee determined that the trial court's order requiring appellant to pay the sum of $282 authorized the Department of Rehabilitation and Correction to withdraw money from his inmate account. In June 2001, HCF began making monthly withdrawals from appellant's inmate account and remitting the funds to the clerk of courts.
On May 10, 2001, appellant filed a civil complaint in the Franklin County Court of Common Pleas (docketed as 01CVH-05-4380) seeking to enjoin appellee from withdrawing funds from his inmate account in satisfaction of the court cost obligation. As in his previously filed motion to vacate, appellant argued that under R.C. 2949.14, he could not, as an indigent defendant, be held responsible for payment of court costs.
On June 15, 2001, appellee filed a Civ.R. 12(B)(6) motion to dismiss on the grounds that appellant's complaint failed to state a claim upon which relief could be granted. The trial court granted appellee's motion by decision and entry filed September 14, 2001. Specifically, the court found that appellant failed to commence the action properly, in that he: (1) failed to make payment arrangements to cover the cost of the filing fee as set forth in R.C. 2969.22 and 2969.25, and (2) failed to file either an affidavit disclosing the civil actions and appeals filed in the previous five years as required by R.C. 2969.25 or a statement indicating that no actions subject to disclosure existed.
Appellant has appealed, setting forth two assignments of error, as follows:
 [1.] It is error for trial court to enter judgment for procedural defaults under statutes 2969.22 and 2969.25, where clerk's office had issued notification of payments due, and is continuing to collect filing fees.
 [2.] It is error for trial court to impose cost bill in case of an [sic] felony fees (2949.14) to indigent defendant under financial-restitution statute 2929.18.
By his first assignment of error, appellant contends that the trial court erred in dismissing his complaint on the grounds that he failed to comply with R.C. 2969.22 and 2969.25.
R.C. 2969.22 provides, in pertinent part:
 (A)(1) Whenever an inmate commences a civil action or appeal against a government entity or employee on or after October 17, 1996, all of the following apply:
 (a) The clerk of the court in which the civil action or appeal is filed shall notify the inmate and * * * the department of rehabilitation and correction * * * of the deductions and procedures required by divisions (A) to (D) of this section, and shall identify in the notice the civil action or appeal by case name, case number, name of each party, and the court in which the civil action or appeal was brought.
 (b) The clerk of the court in which the civil action or appeal is filed shall charge to the inmate either the total payment of the requisite fees that are described in section 2303.20 of the Revised Code or that otherwise are applicable to actions or appeals filed in that court or, if the inmate has submitted an affidavit of indigency, all funds in the inmate account of that inmate in excess of ten dollars, and shall notify the inmate of the charge.
 (c) Unless the amount charged under division (A)(1)(b) of this section constitutes the total amount of the requisite fees, all income in the inmate account of the inmate shall be forwarded to the clerk of the court during each calendar month following the month in which the inmate filed the civil action or appeal until the total payment of the requisite fees occurs. The first ten dollars in the inmate account of the inmate each month shall be excluded from that forwarding requirement. If multiple charges are assessed to an inmate account under this division, charges shall be calculated on the basis of the inmate's total income and shall be paid as described in this division until the charges exceed one hundred per cent of nonexcluded funds in the inmate account; thereafter, all unpaid fees shall be paid simultaneously from the inmate account of the inmate to the appropriate court or courts pro rata.
 (d) Upon receipt of the notice of the requisite fees payable pursuant to divisions (A)(1)(a) to (c) of this section, the department * * * shall deduct from the inmate account of the inmate and transmit to the clerk of the appropriate court the appropriate amounts of the requisite fees as described in divisions (A)(1)(b) and (c) of this section. [Emphasis added.]
Upon review of the record, we note that the clerk of courts sent the notices required under R.C. 2969.22(A)(1)(a). The record contains nothing further related to the procedures and requirements set forth in R.C. 2969.22(A).[2] As such, we find that the trial court's dismissal of appellant's complaint based upon his alleged failure to comply with the requirements of R.C. 2969.22 is inappropriate, as there is no evidence that appellant is not in compliance. R.C. 2969.22(A)(1)(d) provides that the department shall deduct the appropriate amounts of the requisite fees from appellant's inmate account and transmit such to the clerk of courts. Without further evidence that such has not occurred, the trial court's dismissal of appellant's complaint for an alleged failure to make pay arrangements to cover the cost of the filing fees in accordance with R.C. 2969.22 is inappropriate. See Church v. Ohio Dept. of Rehab. Corr. (June 15, 1999), Franklin App. No. 98AP-1222, unreported.
The above determination notwithstanding, we conclude that the trial court did not err in dismissing appellant's complaint, as he failed to comply with R.C. 2969.25(A), which provides, in pertinent part:
 At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
Appellant did not file an affidavit pursuant to R.C. 2969.25(A). Citing our decision in Church, supra, appellant contends that he was not required to file an affidavit because he did not file any civil action or appeal of a civil action in the previous five years in any state or federal court. Although the Church court concluded that no affidavit need be filed if there are no actions subject to the disclosure requirement in R.C. 2969.25(A), the court further stated that "a written statement affirming that no prior actions subject to disclosure exist should in fact be filed." Id. In the instant action, appellant filed neither an affidavit nor a written statement indicating that no actions subject to disclosure exist and thus did not comply with R.C. 2969.25(A). The requirements of R.C. 2969.25 are mandatory. Accordingly, the action was properly dismissed on the basis that appellant failed to comply with R.C. 2969.25(A). State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285. Accordingly, the first assignment of error is not well-taken.
By his second assignment of error, appellant contends that the trial court in case No. 01CVH-05-4380 erred in failing to grant his motion for injunctive relief in order to correct the error made by the trial court in case No. 98CR-10-5633 in imposing court costs upon him. Assuming, arguendo, that appellant had complied with the above procedural requirements, his complaint for injunctive relief is still without merit. It is clear from the record that appellant is attempting to collaterally attack the sentence imposed upon him, i.e., the imposition of court costs, on the basis that he was, and still is, indigent. It is well-established that challenges to sentencing errors, including the imposition of court costs, must be made in a direct appeal; otherwise, the issue is barred by the doctrine of res judicata. State v. Pasqualone (2000), 140 Ohio App.3d 650, 657; State ex rel. Pless v. McMonagle (2000), 139 Ohio App.3d 503, 505; State v. Henderson (Dec. 18, 2001), Franklin App. No. 01AP-414, unreported; State v. Costa (Sept. 3, 1999), Greene App. No. 99CA0014, unreported; State v. Long (Feb. 1, 2002), Clark App. No. 2001CA60, unreported; State v. Rivers (Aug. 25, 1999), Summit App. No. 19033, unreported. Although appellant could have challenged the imposition of court costs in his appeal to this court, he failed to do so. Consequently, the doctrine of res judicata bars appellant from raising the issue now. Accordingly, the second assignment of error is not well-taken.
For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.
[1] By that motion, filed in the common pleas court on April 18, 2001 in case No. 98CR-10-5633, appellant argued that pursuant to R.C. 2949.14, he could not be ordered to pay court costs because he was indigent. On May 29, 2001, the trial court journalized an entry striking appellant's motion, finding that it did not comply with Franklin County Common Pleas Court Loc.R. 11.
[2] We note that appellant has attached to his appellate brief a photocopy of an October 1, 2001 "Inmate Communication" from the institutional cashier averring that a payment of $4.25 was made from appellant's inmate account under case No. 01CVH-05-4380. It is well-established that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. This court is bound to determine this appeal based upon the record from the trial court proceedings and may not consider new evidence that is not part of those proceedings. Papadelis v. First American Savings Bank (1996), 112 Ohio App.3d 576, 581. Because this exhibit was not a part of the record when the trial court rendered its judgment, this court may not consider it on appeal.