OPINION
{¶ 1} Defendant-appellant, Naron F. Morrison, appeals from the May 21, 2002 judgment of the Franklin County Court of Common Pleas, resentencing him to an aggregate term of 23 years incarceration. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} On March 4, 1999, appellant was indicted on two counts of attempted murder and two counts of felonious assault, with a firearm specification attached to each count in the indictment. On May 16, 2001, the jury returned guilty verdicts on all counts. For purposes of sentencing, the trial court merged the felonious assault charges with the attempted murder charges. Appellant was sentenced to 10 years on each attempted murder charge, to run consecutive with each other, with an additional three years for the use of a firearm, for an aggregate term of 23 years incarceration. Appellant timely appealed the sentence. On December 31, 2001, we affirmed appellant's conviction, but reversed the sentence imposed and remanded the case for resentencing. See State v. Morrison (Dec. 31, 2001), Franklin App. No. 01AP-714.[1] ("Morrison I".")
 {¶ 3} On remand, the trial court held a hearing pursuant to R.C.2929.14. Appellant was resentenced to 10 years on each attempted murder charge, to run consecutive with each other, with an additional three years for the use of a firearm, for an aggregate term of 23 years incarceration. The felonious assault charges and the attempted murder charges were merged for purposes of sentencing. It is from this re-sentencing entry that appellant appeals, assigning the following four assignments of error:
 {¶ 4} "First assignment of error
 {¶ 5} "The trial court erred in imposing a term greater than the minimum period of incarceration, without making findings as required by R.C. 2929.14, upon a defendant with no prior history of imprisonment.
 {¶ 6} "Second assignment of error
 {¶ 7} "The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
 {¶ 8} "Third assignment of error
 {¶ 9} "The trial court erred in failing to conduct a more detailed inquiry into Appellant's claim that his counsel was not prepared for trial.
 {¶ 10} "Fourth assignment of error
 {¶ 11} "The trial court abused its discretion in ordering Appellant to pay the court costs of the case."
 {¶ 12} In his first assignment of error, appellant contends that because he had no history of prior imprisonment, the trial court erred in imposing a term greater than the shortest prison term, and therefore the trial court deviated from imposing the minimum period of incarceration without making express findings supporting its decision pursuant to State v. Edmonson (1999), 86 Ohio St.3d 324. The state argues that the trial court, pursuant to Edmonson, is not required to state on the record reasons for imposing more than the minimum sentence authorized by law.
 {¶ 13} As in his first appeal, appellant once again asserts that "[t]he trial court erred in failing to impose the minimum period of incarceration in light of the absence of a prior history of imprisonment." (Appellant's brief, 7.) At appellant's trial, and at the resentencing hearing, the trial court did not make a finding that appellant had ever served a prison term. We are unable to ascertain if appellant has a prior history of imprisonment because the record contains no evidence regarding appellant's prior criminal record. As we held in Morrison I:
 {¶ 14} "Because the record contains no evidence concerning defendant's prior record, we cannot conclude that the trial court improperly imposed a sentence pursuant to R.C. 2929.14(B), which at the time defendant committed the crimes, provided: `[e]xpect as provided in division (C) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 15} In Edmonson, the Ohio Supreme Court held that although R.C. 2929.14(B) does not require the trial court to give reasons for imposing more than the minimum sentence upon an offender who has not previously served time in prison, it must make the required statutory findings. That is, the trial court must find either, or both, that the shortest prison term would demean the seriousness of the offender's conduct or will not adequately protect the public from future crime.
 {¶ 16} At the resentencing hearing, the trial court stated:
 {¶ 17} "* * * I think what he have are basically three attempted executions here, neither — none of which by the grace of God ends up in a murder, but certainly two attempted murders, and one done in two different ways, one clearly execution style and obviously meant either to eliminate a witness or who knows what reason, but clearly in an execution style.
 {¶ 18} "This is harm that is so great and unusual under2929.14(E)(4)(B) of the Ohio Revised Code that it deserved consecutive sentences. You had two separate victims and you have one victim attempted to be executed in two different ways for no reason that this Court can find in the facts at all. So this Court believes this is clearly a situation where consecutive sentences are warranted. Furthermore, I believe it's necessary to protect the public from this cold-blooded conduct and the Court believes Defendant would act accordingly in the future. It's necessary to punish the Defendant and it's necessary, consecutive terms are the only way in which to do that. They are not disproportionate to the seriousness of these offenses and to the danger that this Defendant poses to the public in terms of 2929.14 (E)(4) of the Revised Code.
 {¶ 19} "And furthermore, the Court finds specifically that any minimum sentence in this case, whether this Defendant had been to prison or not, I don't know, in the past, I'm told here he was not before this case, minimum sentence would clearly demean the seriousness of the offenses in this case and would not adequately protect the public in the terms of 2929.14(B)." (Tr. 5-7.)
 {¶ 20} Although it is unclear if appellant has a prior history of imprisonment, we find, after reviewing the record, that the trial court complied with Edmonson in making the statutorily required finding, i.e., "demean the seriousness of the offender's conduct" and "will not adequately protect the public." Also, the record clearly and convincingly supports the trial court's stated reasons and findings for imposing a prison term longer than the shortest term authorized for the offense. Appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 21} In his second assignment of error, appellant contends that the trial court erred in improperly imposing consecutive sentences in violation of R.C. 2929.14(E)(4), which provides:
 {¶ 22} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 23} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 24} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 25} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 26} Additionally, R.C. 2929.19(B)(2(c) sets forth the procedure that the trial court must follow when imposing consecutive sentences on a defendant. R.C. 2929.19(B)(2)(c) mandates that the trial court make a finding that gives reasons for imposing consecutive sentences. State v. Hurst (Nov. 8, 2001), Franklin App. No. 01AP-77.
 {¶ 27} In order to determine if the trial court made the required statutory findings and explanations, we review the record of the resentencing hearing and the May 21, 2002 resentencing entry. At the sentencing hearing, the trial court stated:
 {¶ 28} "This is the harm that is so great and unusual under2929.14(E)(4)(b) * * * that it deservers consecutive sentences. * * * I believe it's necessary to protect the public from this cold-blooded conduct and the Court believes Defendant would act accordingly in the future. It's necessary to punish the Defendant and it's necessary, consecutive terms are the only way in which to do that. They are not disproportionate to the seriousness of these offenses and to the danger that this Defendant poses to the public in terms of 2929.14(E)(4) of the Revised Code." (Tr. 6.)
 {¶ 29} The May 21, 2002 resentencing entry stated:
 {¶ 30} "[T]he Court has weighed the factors as set forth in the applicable provisions of * * * R.C. 2929.14. * * *
 {¶ 31} "* * *
 {¶ 32} "The Court further finds that the offender is the worst form of offender who poses the greatest likelihood of committing future crimes." (May 21, 2002 Judgment entry at 2.)
 {¶ 33} Here, the record clearly indicates the trial court found that imposing the shortest prison term would not adequately reflect the seriousness of appellant's conduct, and protect the public. At the resentencing hearing, the trial court stated that, because appellant's actions were cold-blooded in nature, and the harm was so great and unusual, a minimum sentence would demean the seriousness of his conduct and would not adequately protect the public. In the sentencing entry, the trial court stated that appellant was the worst form of offender and posed the greatest likelihood of committing future crimes.
 {¶ 34} Although the trial court, at the resentencing hearing, did not quote the entire language of R.C. 2929.14(E)(4) verbatim, the trial court is not required "to utter any magic or talismanic words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459 (the trial court substantially complied with the statute when it provided sufficient findings on the record); State v. Finch (1998), 131 Ohio App.3d 571 (the trial court must make a finding on that record that it has considered the applicable statutory criteria before imposing consecutive sentences). The language the trial court used complies with and is consistent with that contained in R.C. 2929.14(E)(4).
 {¶ 35} Accordingly, the record clearly establishes that the trial court made the required statutory findings and facts pursuant to R.C.2929.14(E)(4) and, as such, has further complied with the standards set forth in R.C. 2929.19(B)(2)(c). Since we cannot find by clear and convincing evidence that the record failed to support the trial court's findings, this court will not modify appellant's sentence. See R.C.2953.08(G). As such, appellant's second assignment of error lacks merit and is not well-taken.
 {¶ 36} In his third assignment of error, appellant argues that the trial court erred in failing to conduct a more detailed inquiry into his allegations that his defense counsel was not prepared for trial. Appellant contends that it was the duty of the trial court, pursuant to State v. Deal (1969), 17 Ohio St.2d 17, to make sure that the record contained an investigation of appellant's complaint.
 {¶ 37} In Deal, the defendant was convicted of armed robbery. During his trial, the defendant attempted to discharge his attorney, informing the trial court that his assigned counsel had failed to file a notice of alibi or to subpoena witnesses. The trial court rejected the defendant's complaint as "unreasonable," without making any inquiry into its merits. On appeal, the Ohio Supreme Court held:
 {¶ 38} "Where, during the course of his trial for a serious crime, an indigent accused questions the effectiveness and adequacy of assigned counsel * * * it is the duty of the trial judge to inquire into the complaint and make such inquiry a part of the record. The trial judge may then require the trial to proceed with assigned counsel participating if the complaint is not substantiated or is unreasonable." Id. at syllabus.
 {¶ 39} We determine that Deal is not applicable in this instant case. Here, appellant never complained during his trial about the effectiveness and adequacy of his counsel. Appellant apparently filed a complaint with the bar association after his trial. However, this court is not aware of the contents of that complaint, as it is not part of the record. Furthermore, appellant contends that since the conflict was brought to the court's attention at the resentencing hearing by his counsel, then the trial court should have been aware of potential problems, and therefore had a duty to inquire. Deal does not speak to the trial court's duty to inquire into a defendant's complaint when it is brought to the attention of the court by defense counsel during a resentencing hearing. Furthermore, "[w]hen * * * a defendant fails to raise specific concerns about his appointed counsel with the court during trial, we have held that the requirements of Deal are not implicated." State v. Davis (May 19, 1998), Franklin App. No. 97APA08-1020. See, also, State v. Washington (Aug. 17, 2001), Hamilton App. No. C-000754 (reasoning that "the better rule requires the defendant to raise concerns about his appointed counsel with sufficient specificity to warrant further investigation," and noting that "[a] trial court, without more, does not abuse its discretion in finding that a general allegation of unhappiness with appointed counsel is so vague that it does not require additional investigation").
 {¶ 40} A careful review of the resentencing record further reveals that the trial court specifically asked appellant if there was anything he wanted to say. Appellant replied, "No." (Tr. 4.) Appellant failed to raise any specific concerns at the resentencing hearing about counsel's performance. Notably, appellant's allegations of ineffectiveness and inadequacies of his assigned trial counsel are based on facts outside of the record. As such, the appropriate remedy is a proceeding for post-conviction relief. State v. Gibson (1980), 69 Ohio App.2d 91, paragraph three of the syllabus. Accordingly, appellant's third assignment of error lacks merit and is not well-taken.
 {¶ 41} In his fourth and final assignment of error, appellant argues that the trial court abused its discretion by ordering him to pay court costs, where it was not determined that he would be able to pay the costs.
 {¶ 42} R.C. 2947.23 provides in pertinent part:
 {¶ 43} "(A)(1) In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs.
 {¶ 44} "* * *
 {¶ 45} "(2) If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs * * *."
 {¶ 46} Therefore, R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant. State v. Satta, Marion App. No. 9-01-38, 2002-Ohio-5049.
 {¶ 47} Appellant contends that being ordered to have money withdrawn from his personal prison account will operate to "make him the poorest of the poor — a pauper among the prison's destitute." (Appellant's brief, 18.)
 {¶ 48} R.C. 5120.133 provides in pertinent part:
 {¶ 49} "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section."
 {¶ 50} Appellant alleges that the withdrawal of money from his account is unauthorized because he was declared indigent at the time of his criminal proceeding. A declaration of indigency for purposes of a criminal conviction cannot be used to avoid the collection of court costs pursuant to R.C. 5120.133. State ex rel. Pless v. McMonagle (2000),139 Ohio App.3d 503. See, also, State ex rel. Perotti v. McMonagle (Oct. 5, 2000), Cuyahoga App. No. 78295; State v. Engle (Mar. 19, 1999), Greene App. No. 98-CA-125. Thus, the trial court did not err by ordering appellant to pay the costs of prosecution. Accordingly, appellant's fourth assignment of error lacks merit and is not well-taken.
 {¶ 51} For the foregoing reasons, appellant's first, second, third, and fourth assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.
[1] A thorough procedural and factual history of this case is included in our opinion ruling upon Morrison's first appeal.