[Cite as *Collins v. State*, 2011-Ohio-4964.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   97111

## TONY D.   COLLINS

RELATOR

vs.

## STATE OF OHIO

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No.   447153
Order No.   447889

**RELEASE DATE:**      September 26, 2011

**FOR RELATOR**

Tony D. Collins, pro se
Inmate No. 584-798
Post Office Box 57
Marion Correctional Institution
Marion, Ohio 43301

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, J.:

{¶ 1} Relator, Tony D. Collins, is the defendant in *State v. Collins*, Cuyahoga County Court of Common Pleas Case No. CR-529965. He avers that the clerk of courts has received funds from his prison account. Affidavit of Verification, ¶5. He requests that this court issue a writ of mandamus "to compel the [prosecuting attorney] to cease removing money from Petitioner's prison account based on O.R.C. §2329.66, and chapter 1917 and 2329, which have been ruled unconstitutional, without a garnishment hearing

before the court having proper jurisdiction, by the United States District Court." Complaint, ¶3.[1]

{¶ 2} Initially, we note that the caption of the complaint is defective. Collins has titled this action as "*Collins v. State.*" As noted above, however, in the body of the complaint he requests that this court grant relief against the prosecuting attorney. Collins has not, therefore, identified the respondent in the caption. "Without properly identifying the respondent it is impossible to determine whether or not there are rights and duties enforceable in mandamus. This court has held that this deficiency alone also warrants dismissal." *State ex rel. Sherrills v. State* (Aug. 3, 2000), Cuyahoga App. No. 78261, at 1 (citations deleted), affirmed by *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651 ("As the court of appeals held, Sherrill's complaint is defective because he failed to name the proper respondents and did not include their addresses." ¶1, citations deleted).

{¶ 3} Likewise, in this action, Collins has not included the address of respondent in the caption as required by Civ.R. 10(A). Additionally, the action is not on relation of the state as required for an action in mandamus by R.C. 2731.04, which may also be a ground for dismissal. *Clarke v. McFaul*, Cuyahoga App. No. 89447, 2007-Ohio-2520, at ¶5.

---

[1] R.C. Chapter 2329 governs execution against property. R.C. 2329.66 identifies property which may be held exempt from execution. R.C. Chapter 1917, county court execution, has been repealed.

{¶ 4} Although Collins failed to name the proper respondent in the caption, we will also dispose of this action on the merits of his claim that he is entitled to relief in mandamus against the prosecuting attorney.

{¶ 5} Collins argues that the removal of funds from his prison account to pay court costs without notifying him of the exemptions under law and without a garnishment hearing is unconstitutional. He relies on *Clay v. Fisher* (S.D.Ohio 1984), 584 F.Supp. 730 (followed in *Hutchinson v. Cox* (S.D.Ohio 1992), 784 F.Supp. 1339). "Both opinions held that, without a notice requirement, the execution statute in Ohio was unconstitutional because it provided no protection of judgment debtors' due process rights." *Hicks v. Cadle, Co.* (N.D.Ohio 2011), ___ F.Supp. ___ , 2011 WL 3652439, at 2.

{¶ 6} Respondent has filed a motion for summary judgment and correctly observes that both *Clay* and *Hutchinson* arose from efforts to collect judgments in *civil* actions. This action, however, arises from collection of court costs resulting from a *criminal conviction*. We hold, therefore, that the district court's decisions in *Clay* and *Hutchinson* are not controlling in this action.

{¶ 7} R.C. 2947.23(A)(1) requires a trial court to "include in the sentence the costs of prosecution * * *." R.C. 5120.133(A) provides, in part: "The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated

obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. * * *. No proceedings in aid of execution are necessary for the department to take the action required by this section." Additionally, R.C. 5120.133(B) authorizes the department to adopt rules specifying what portion of a prisoner's funds "may not be used to satisfy an obligation pursuant to division (A) of this section. The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to section 2329.66 of the Revised Code or to any other provision of law." Id.

{¶ 8} In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, the Supreme Court held in the syllabus:

{¶ 9} "1. A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence.

{¶ 10} "2. A clerk of courts may attempt the collection of court costs assessed against an indigent defendant."

{¶ 11} These authorities demonstrate that Collins does not have a clear legal right to relief. Likewise, the prosecuting attorney does not have a clear legal duty to stop notifying the department of rehabilitation and correction of an outstanding obligation to pay court costs. Rather, the clerk has a clear legal right to collection of funds from a prisoner's account to satisfy the obligation to pay court costs in a criminal case.

{¶ 12} Similarly, Collins is unable to demonstrate that he does not or did not have an adequate remedy in the ordinary course of the law.

{¶ 13} "R.C. 2947.23 requires the imposition of court costs as a part of the criminal sentence, even if the defendant is indigent. Only other statutory authority may allow the suspension of costs. However, the trial judge has discretion to waive costs assessed against an indigent defendant. *Cleveland v. Tighe,* Cuyahoga App. Nos. 81767 and 81795, 2003-Ohio-1845. An indigent defendant must move the trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then he preserves the issue for appeal, and the appellate court will review the issue on an abuse-of-discretion standard. *State v. Hughley*, Cuyahoga App. No. 90323, 2009-Ohio-3274, ¶ 12." *State v. Holloman*, Cuyahoga App. No. 95896, 2011-Ohio-4236, ¶41.

{¶ 14} This court has previously dismissed an action in prohibition to prevent a judge of the court of common pleas from enforcing an order to collect court costs from an indigent prisoner's account. *State ex rel. Pless v. McMonagle* (2000), 139 Ohio App.3d 503, 744 N.E.2d 274. "The costs of prosecution are to be included in the sentence, * * *, and challenges to these costs may be made at the time of appeal * * *. The failure to make such a challenge on appeal will generally preclude subsequent collateral attacks." Id. 505-506.

{¶ **15**} In light of *Holloman* and *Pless*, therefore, we must hold that Collins has or had an adequate remedy in the ordinary course of the law by way of an appeal. As a consequence, Collins is unable to satisfy any of the criteria for mandamus.

{¶ **16**} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.

_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, J., CONCUR