[Cite as *Henderson v. State*, 2011-Ohio-5679.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97042**

# PAUL S. HENDERSON, ET AL.

RELATORS

vs.

# STATE OF OHIO

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 446380
Order No. 448501

**RELEASE DATE:** October 28, 2011

**FOR RELATORS**

Paul S. Henderson
Inmate No. 573-468
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301-0057


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
By: Diane Smilanick
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113



**ALSO LISTED**

Patricia L. Casey
Inmate No. 80099
1479 Collins Avenue
Marysville, Ohio 43040

MARY EILEEN KILBANE, A.J.:

{¶ 1} Relator, Paul S. Henderson, is the defendant in *State v. Henderson*, Cuyahoga Cty. Court of Common Pleas Case Nos. CR-520709 and CR-530899. Henderson avers in the body of his complaint that the prosecuting attorney is "removing money" from Henderson's prison account. Complaint, ¶3. He requests that this court issue a writ of mandamus to prevent the prosecuting attorney from removing funds from Henderson's prison account and to return to him funds that have already been removed.

{¶ 2} Henderson also makes the same claim and requests the same relief on behalf of Patricia L. Casey, whom he avers is in custody at the Ohio Reformatory for Women in Marysville. Casey has not signed the complaint or any of the other filings purportedly made on her behalf.

{¶ 3} In *Traywick v. Fuerst*, Cuyahoga App. No. 96357, 2011-Ohio-947, Benjamin J. Wherry signed the complaint in an original action in this court on behalf of the relator, Taheim Traywick. "Wherry's attempt to commence this action on Traywick's behalf constitutes the unauthorized practice of law. Wherry concedes that he is not admitted to practice law and he has not provided any other basis for exemption from the requirements of R.C. Chapter 4705 and Gov.Bar.R XII. As a consequence, we dismiss this action." Id. ¶2.

{¶ 4} In this action, Henderson does not provide this court with any basis for concluding that he is admitted to the practice of law. As a consequence, we must dismiss this action with respect to the claim asserted on behalf of Casey.

{¶ 5} The complaint is also defective. Henderson has titled this action as *"Henderson v. State."* As noted above, however, in the body of the complaint he requests that this court grant relief against the prosecuting attorney. Henderson has not, therefore, identified the respondent in the caption. "Without properly identifying the respondent it is impossible to determine whether or not there are rights and duties enforceable in mandamus. This court has held that this deficiency alone also warrants dismissal." *State ex rel. Sherrills v. State* (Aug. 3, 2000), Cuyahoga App. No. 78261, at 1 (citations deleted), affirmed by *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651. ("As the court of appeals held, Sherrills's complaint is defective because he failed to name the proper respondents and did not include their addresses." ¶1, citations deleted).

{¶ 6} Likewise, in this action, Henderson has not included the address of respondent in the caption as required by Civ.R. 10(A). Additionally, the action is not on relation of the state as required for an action in mandamus by R.C. 2731.04, which may also be a ground for dismissal. *Clarke v. McFaul*, Cuyahoga App. No. 89447, 2007-Ohio-2520, at ¶5.

{¶ 7} Although Henderson failed to name the proper respondent in the caption, we will dispose of this action on the merits of his claim that he is entitled to relief in mandamus against the prosecuting attorney.

{¶ 8} Henderson and Casey have filed a motion for summary judgment. Respondent has filed a motion to dismiss. For the reasons stated below, we grant the

motion to dismiss Henderson's claim for relief in mandamus and deny relators' motion for summary judgment.

{¶ 9} Henderson contends that respondent lacks the authority to collect court costs from Henderson's prison account. In both of the underlying cases, the trial court determined that Henderson was indigent and appointed counsel. He has also filed an affidavit of indigency in this action.

{¶ 10} In *Collins v. State*, Cuyahoga App. No. 97111, 2011-Ohio-4964 , the relator requested this court to issue a writ of mandamus compelling the prosecuting attorney to stop removing funds from his prison account. Collins argued that the United States District Court had determined that the removal of funds without a garnishment hearing was unconstitutional. Henderson relies on *Clay v. Fisher* (S.D.Ohio 1984), 584 F.Supp. 730 (followed in *Hutchinson v. Cox* (S.D.Ohio 1992), 784 F.Supp. 1339), the same authorities cited by Collins. "* * * [B]oth *Clay* and *Hutchinson* arose from efforts to collect judgments in *civil* actions. This action, however, arises from collection of court costs resulting from a *criminal conviction*. We hold, therefore, that the district court's decisions in *Clay* and *Hutchinson* are not controlling in this action." *Collins*, ¶6. (Emphasis in original.)

{¶ 11} In *Collins*, we then examined the authorities: requiring the trial court to include the costs of prosecution in the sentencing entry, R.C. 2947.23(A)(1); authorizing the clerk to attempt the collection of court costs assessed against an indigent defendant, *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393; and authorizing the

department of rehabilitation and correction to apply funds in a prisoner's account to a court judgment without proceedings in aid of execution, R.C. 5120.133(A).

{¶ 12} We concluded in *Collins* that the relator did not have a clear legal right to relief and that the prosecuting attorney did "not have a clear legal duty to stop notifying the department of rehabilitation and correction of an outstanding obligation to pay court costs." *Collins*, ¶11. We also noted that a defendant in a criminal case may request at sentencing that the trial court waive payment of costs. If the motion to waive costs is denied, the defendant has an adequate remedy by way of appeal. See *State v. Holloman*, Cuyahoga App. No. 95896, 2011-Ohio-4236, ¶41; *State ex rel. Pless v. McMonagle* (2000), 139 Ohio App.3d 503, 744 N.E.2d 274.

{¶ 13} Henderson requests the same relief as Collins did and asserts the same rationale. In light of our holding in *Collins*, therefore, we hold that Henderson has failed to state a claim in mandamus upon which relief can be granted.

{¶ 14} Accordingly, we deny relators' motion for summary judgment and grant respondent's motion to dismiss. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Complaint dismissed.*

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR