[Cite as *State ex rel. Nance v. McClelland*, 2012-Ohio-5083.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98620**

---

# STATE OF OHIO, EX REL. KEVIN NANCE

RELATOR

vs.

# HONORABLE ROBERT C. MCCLELLAND

RESPONDENT

---

## JUDGMENT:
WRIT DENIED

---

Writ of Mandamus
Motion No. 456974
Order No. 459387

**RELEASE DATE:** October 26, 2012

**FOR RELATOR**

Kevin Nance, pro se
Inmate No. 521-533
Mansfield Correctional Institution
P.O. Box 788
1150 North Main Street
Mansfield, Ohio   44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: James E. Moss
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Relator, Kevin Nance, is the defendant in *State v. Nance*, Cuyahoga C.P. No. CR-482230, which is now assigned to respondent judge. The January 17, 2007 sentencing entry states, in part: "Defendant is to pay court costs." Nance contends that the trial court did not, however, impose court costs during his sentencing hearing and appends what he considers to be the relevant portions of the sentencing transcript. He requests that this court compel respondent to correct the sentencing entry to reflect that Nance was found "guilty without stating court cost." Complaint, ¶ 8.

{¶2} Respondent has filed a motion for summary judgment and argues that relief in mandamus is not appropriate. We agree.

{¶3} In *Bandy v. Villanueva*, 8th Dist. No. 98116, 2012-Ohio-3695, ¶ 2, we recently observed:

> It is well established that a defendant in a criminal proceeding may, at sentencing, request the trial court to waive costs. If the trial court denies the request to waive costs, the defendant has an adequate remedy by way of appeal. See, e.g., *Henderson v. State*, 8th Dist. No. 97042, 2011-Ohio-5679, citing *Collins v. State*, 8th Dist. No. 97111, 2011-Ohio-4964. "[A]ny error regarding the imposition of court costs can be challenged by appeal. *State ex rel. Whittenberger v. Clarke* (2000), 89 Ohio St.3d 207, 208, 2000-Ohio-136, 729 N.E.2d 756." *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas,* 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 4.

Obviously, Nance had an opportunity to request a waiver of costs at sentencing. If, in his judgment, the trial court's sentencing entry did not accurately reflect the proceedings during his sentencing hearing, he could have assigned error on direct appeal.

{¶4} Nance had an adequate remedy by way of appeal. As a consequence, relief in mandamus is inappropriate.

{¶5} Accordingly, respondent's motion for summary judgment is granted. Nance to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶6} Writ denied.

SEAN C. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR